### 46658. LYLE v. MEMAR.
(378 SE2d 465)

CLARKE, Presiding Justice.

Appellant Lyle appeals from an order of the Superior Court of Columbia County granting a permanent injunction to Memar, the purchaser of his medical billing business, Bureau of Medical Economics, Inc. (BME). Lyle sold all of his stock in the company to Memar in 1986. He remained an employee of the company. Both the sale agreement and the employment agreement contained restrictive covenants. In July 1988, Lyle left BME and began another company with several BME employees. Memar sued to enjoin his competition with BME. Memar failed to make the August 1988, payment due under the sale agreement. Lyle sought a declaratory judgment that since Memar had breached the sales agreement, the BME stock reverted to Lyle.

The trial court found that the restrictive covenants of the sale agreement and the employment contract, taken together, were valid. The court found as a matter of law that Lyle had competed against

---

Memar and that this constituted a breach of contract which excused the failure of Memar to make the August 1988 payment under the sales agreement.

The sale agreement and employment agreement in question were executed in November 1986, and June 1988, respectively. The parties agree that neither agreement, standing alone, is enforceable. However, the court found that these agreements could be considered together. Relying upon *Watson v. Waffle House*, 253 Ga. 671 (324 SE2d 175) (1985), the court found that the overbroad parts of the covenant could be blue penciled or severed. In *Watson* we noted that covenants in the sale of a business, unlike covenants in contracts of employment, can be blue penciled to make them valid. We find now that if a contract for the sale of a business and an employment contract are part of the same transaction they may be construed together to supply missing elements and blue penciled to make overbroad terms valid.

Since the parties agree that neither agreement, standing alone, is valid, the question before us is whether the contracts can be construed together to supply the missing terms. It is clear that the contracts cannot be so construed. The sales agreement was executed in November 1986. The employment contract attached to the complaint and construed by the court was executed in June 1988. These agreements are not contemporaneous. Further, the sales agreement was between Memar and Lyle as individuals. The employment contract was between Lyle as an individual and BME. Since the two contracts were neither contemporaneous nor between the same parties, it was error for the court to construe them together. We do not reach the question whether we would construe a contemporaneous employment agreement with the sales contract.

Since the restrictive covenants contained in the agreement are each invalid for failure to include all of the crucial elements of time, territory, and a description of prohibited activity, the court's conclusion of law that the contract was breached by Lyle must be reversed. The case is remanded for a decision whether either party has breached the contracts in the absence of the restrictive covenants.

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED MAY 4, 1989.

*McGahee, Benning, Fletcher, Harley & Fletcher, C. Thompson Harley,* for appellant.

*Johnston, Wilkin & Williams, William J. Williams,* for appellee.