## A97A0538. ANTEC CORPORATION v. POPCORN CHANNEL, L.P.
(482 SE2d 509)

BLACKBURN, Judge.

Antec Corporation (Antec) appeals the trial court's order granting Popcorn Channel, L.P.'s (Popcorn's) motion to dismiss Antec's complaint based upon the forum selection clauses contained in the contracts which form the basis of the allegations in Antec's complaint.[1]

The parties entered into agreements entitled "Development and Integration Agreement" (Development Agreement) and "Antec Digital Video Sales Agreement" (Sales Agreement). After disputes arose, the present action was filed. Popcorn answered the complaint, asserted counterclaims, and filed a motion to dismiss based upon improper venue and lack of personal jurisdiction.[2] The Development Agreement provides, in pertinent part, that "[t]he construction and interpretation of this Agreement shall at all times and in all respects be governed by the laws of the state of New York not including its conflict and choice of laws provisions. The parties agree to submit to the personal and exclusive jurisdiction and venue of the courts of the

---

[1] Antec is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Norcross, Georgia. Popcorn is a limited partnership also organized under the laws of the State of Delaware. Popcorn's principal place of business is New York, New York.

[2] Popcorn also filed an action in the Supreme Court of New York, in which Antec answered and counterclaimed.

state of New York." The Sales Agreement contains a similar provision which states: "These terms and conditions shall be governed by and interpreted in accordance with the laws of the State of New York, excluding its choice of laws rules. The parties hereby agree that any dispute regarding the interpretation or validity of, or otherwise arising out of, these terms and conditions, or relating to the Products sold or licensed hereunder shall be subject to the exclusive jurisdiction of the New York state and Federal courts."

1. Antec contends that the trial court erred in enforcing the venue selection provisions of the contracts. We cannot agree.

In *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585, 589-591 (434 SE2d 778) (1993), we adopted the United States Supreme Court's analysis in *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1, 10 (92 SC 1907, 32 LE2d 513) (1972), wherein it determined that forum selection contract clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." (Punctuation omitted.) *Harry S. Peterson Co.*, supra at 590.

Again in *Brinson v. Martin*, 220 Ga. App. 638 (469 SE2d 537) (1996), we upheld a forum selection clause which provided that the *"exclusive venue for the pursuit of any legal proceeding or remedy arising out of [the] contract shall be Douglas County, Nebraska."* We held that "where no Georgia law specifically governs venue, and where more than one state and its citizens are involved, such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." (Punctuation omitted.) Id.

Antec argues that *Harry S. Peterson Co.*, supra, and *Brinson*, supra, should not apply because whereas Georgia did not have a strong interest in determining those cases, such interest is present in its action against Popcorn. Antec has not shown why it is unreasonable to enforce the contract provisions in this case, but merely relies upon Georgia's purported interest in determining the case.

Antec argues that the contracts were negotiated, signed, and substantially performed in Georgia, making litigation in New York inconvenient. However, as discussed in *The Bremen*, supra at 16, the parties were aware of these considerations when they agreed to exclusive venue in New York. Antec makes no claims that its agreements with Popcorn were adhesion contracts, and there is nothing in the record which indicates any disparity of bargaining positions. See *Brinson*, supra at 639-640. The trial court did not err in holding that Antec's claims must be litigated in the New York action.

2. In its second enumeration of error, Antec contends that the trial court erred in dismissing its entire amended complaint as several of the causes of action are not based on the contracts containing

the forum selection clauses.

The trial court relied on *Brinson,* supra, in dismissing Antec's entire complaint. Therein, Brinson filed suit against his former employer for breach of contract and invasion of privacy and against four co-employees for interference with economic relations and unjust enrichment. Id. at 638. We determined that the forum selection clause required that the action be brought in Nebraska, and we affirmed the dismissal of Brinson's entire complaint. We determined that "because the claims against the other defendants arose directly or indirectly from a single contract connecting the plaintiffs with all the defendants, the other defendants were transaction participants entitled to rely on the forum selection clause." Id. at 640.

This analysis, however, does not support dismissal of Antec's claims which do not arise out of the Development or Sales Agreements. Nor can we say on the evidence in the record before us that a decision on Antec's claims for breach of a Visiontel Software license, breach of an installation and maintenance agreement, and breach of confidentiality and misappropriation of proprietary information and trade secrets would result in "varying decisions, inconsistent with the administration of justice." (Punctuation omitted.) Id. at 641. To the extent it becomes apparent, as these claims are developed through discovery, that they arise out of the Development or Sales Agreements, they must be dismissed. However, absent such a finding, the trial court erred in dismissing Counts 3 through 5 of Antec's amended complaint.

3. In its third enumeration of error, Antec contends Popcorn's assertion of a counterclaim waived any right to rely on the forum selection clause. Popcorn's counterclaims clearly arise out of the contracts disputed in Antec's complaint and are compulsory counterclaims. In *Riggio v. Lawson,* 204 Ga. App. 774, 775 (420 SE2d 613) (1992), we determined that the assertion of a compulsory "counterclaim did not serve as a waiver of the defense of lack of personal jurisdiction." This enumeration is without merit.

4. Antec's fourth enumeration of error is cumulative of its previous arguments and raises nothing not previously considered.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 27, 1997.

*Arnall, Golden & Gregory, Timothy E. Bixler, Stephen M. Dorvee, Scott E. Taylor,* for appellant.

*Long, Aldridge & Norman, Bruce P. Brown, Steven P. Smith*, for appellee.