### A00A0570. IERO v. MOHAWK FINISHING PRODUCTS, INC.
(534 SE2d 136)

RUFFIN, Judge.

This case involves the issue of whether a forum selection clause in an employment contract may be enforced when the contract also contains noncompetition and nondisclosure covenants that violate Georgia's public policy. For reasons that follow, we hold that such a forum selection clause can be enforced.

The relevant facts show that Mohawk Finishing Products, Inc. is a New York corporation. In 1985, Mohawk hired David Iero to sell its products in New York and Pennsylvania. In 1986, Mohawk signed an employment agreement that contained both a noncompetition covenant and a forum selection clause. The forum selection clause provided, in pertinent part, that any actions stemming from the agreement "shall be instituted, prosecuted, and maintained by the Supreme Court of the County of Montgomery, State of New York."

In 1987, Iero moved to Georgia and began selling Mohawk's products. In 1996, Iero's territory was enlarged to include all of Georgia and part of South Carolina. On April 9, 1996, Iero signed another employment agreement that, once again, contained noncompetition and nondisclosure covenants and a forum selection clause. Again, the forum selection clause mandated that any suit be instituted in Montgomery County, New York.

Iero voluntarily resigned from Mohawk on February 12, 1999, and, three days later took a job with Masters Magic, a competitor of Mohawk. Shortly thereafter, a vice president of Mohawk wrote Iero, reminding him that the contract he had signed contained noncompetition and nondisclosure covenants and informing him that Mohawk would "vigorously litigate" any breach of contract.

On May 3, 1999, Iero filed a complaint for declaratory judgment and injunctive relief in Fulton County Superior Court. Iero asserted that the noncompetition and nondisclosure covenants in the two employment contracts were overbroad, violated public policy, and were unenforceable. Mohawk moved to dismiss the suit on the grounds that the forum selection clauses in the two contracts required Iero to bring the action in New York rather than Georgia. The trial court granted Mohawk's motion, and Iero appeals.

The United States Supreme Court addressed the enforcement of

forum selection clauses in *The Bremen v. Zapata Off-Shore Co.*,[1] ruling that such clauses are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances.[2] To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court.[3] A freely negotiated agreement should be upheld absent a compelling reason such as "fraud, undue influence, or overweening bargaining power."[4] Thus, Iero bears the burden of proving that enforcement of his employment contract would be unreasonable under the circumstances.[5]

In *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.,*[6] Georgia adopted the United States Supreme Court's analysis regarding the enforcement of forum selection clauses.[7] Since then, this Court has upheld the enforcement of forum selection clauses in an employment contract,[8] a payment bond for a construction contract,[9] and development and sales agreements.[10] To date, however, neither this Court nor the Supreme Court of Georgia has applied the *Bremen* test to address the viability of a forum selection clause in an employment contract that contains a noncompetition covenant.

In his brief, Iero does not urge that we use the *Bremen* test but simply argues that, for public policy reasons, the forum selection clause should not be enforced if contained in an employment contract that also has a noncompetition covenant. Indeed, *Bremen* does suggest that certain contractual forum selection clauses may be held unenforceable if such clause contravenes "a strong public policy of the forum in which the suit is brought, whether declared by statute or by judicial decision."[11] But *Bremen* limits this exception to forum selection clauses that might be damaging to the forum itself, not simply damaging to the litigants because of an unfavorable law in the selected forum.[12] Specifically, the example cited by *Bremen* involved a contractual choice-of-forum clause which, if enforced, might encourage negligence by third parties in the forum in which the suit

---

[1] 407 U. S. 1 (92 SC 1907, 32 LE2d 513) (1972).

[2] Id. at 10.

[3] Id. at 18.

[4] Id. at 12.

[5] See *Carnival Cruise Lines v. Shute*, 499 U. S. 585, 592 (111 SC 1522, 113 LE2d 622) (1991).

[6] 209 Ga. App. 585 (434 SE2d 778) (1993).

[7] Id. at 589-591 (3) (b).

[8] *Brinson v. Martin*, 220 Ga. App. 638, 640 (1) (b) (469 SE2d 537) (1996).

[9] *Harry S. Peterson Co.*, supra.

[10] *Antec Corp. v. Popcorn Channel, L.P.*, 225 Ga. App. 1, 2 (1) (482 SE2d 509) (1997).

[11] *The Bremen*, supra at 15.

[12] Id.

was initially brought. This exception does not allow parties who agree to litigate in a specified forum to circumvent their contractual obligations simply because they do not like the laws of the chosen forum, which appears to be the situation here.

Under these circumstances, Iero fails to show that the mere enforcement of a freely negotiated forum selection cause violates Georgia public policy. Indeed, he does not even address whether the New York court would apply New York law. Accordingly, our inquiry is limited to whether enforcement of the forum selection clause is inconvenient or would deprive Iero of his day in court. We also must look to whether the contract was the product of fraud, undue influence, or overweening bargaining power on the part of Mohawk.

Iero does not contend that enforcement of the forum selection clause would deprive him of his day in court. Indeed, Iero would be able to bring suit in New York. Litigation in New York likely would be inconvenient for Iero, who has been a resident of Georgia for over a decade, but mere inconvenience will not render such a clause unenforceable.[13] Additionally, Iero does not argue that the employment contract was the product of fraud or undue influence, and there is nothing in the record to suggest otherwise.

In arguing that the enforcement of the contract should be void as against public policy, Iero indirectly suggests that Mohawk wielded an unfair advantage in having him sign an employment contract with a broad noncompetition covenant. At least one jurisdiction has held that "the employer-employee relationship is so inherently unequal that . . . a forum selection clause in an employment agreement should not be enforced."[14] But, as this Court has already upheld a forum selection clause in an employment contract, we do not adhere to this broad rule.[15] Accordingly, absent case-specific evidence that there was a "manifest disparity" in bargaining position, or that Mohawk obtained Iero's assent to the forum selection clause through fraud or overreaching, or that the enforcement of the clause violates public policy, we will enforce the clause.[16]

Here, the record does not suggest either that Mohawk obtained Iero's signature on the two contracts through fraud or overreaching or that Mohawk had a manifestly unfair advantage over Iero. Given the absence of evidence that enforcement of the forum selection clause is unreasonable under the circumstances, the trial court did not err in dismissing Iero's complaint.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[13] Id. at 15.
[14] *Dentsply Intl. v. Benton*, 965 FSupp. 574, 579 (M.D. Pa. 1997).
[15] *Brinson*, supra.
[16] Id. at 640.

DECIDED APRIL 20, 2000.

*Davis, Zipperman, Kirschenbaum & Lotito, Barry L. Zipperman, Steven A. Suna,* for appellant.

*Alston & Bird, Randall D. Grayson,* for appellee.