## A03A1917. CARBO v. COLONIAL PACIFIC LEASING CORPORATION.
### (592 SE2d 445)

ADAMS, Judge.

Remberto Carbo, Jr. brought suit in the Superior Court of Fulton County against Colonial Pacific Leasing Corporation and Asset Management Outsourcing, Inc. d/b/a Nationwide Recovery Service, Inc. (NRS) for damages he contends resulted from the allegedly false reporting of adverse credit information. Colonial Pacific filed a motion for summary judgment, based in part on improper venue and lack of personal jurisdiction. The trial court agreed that it did not have personal jurisdiction over Colonial Pacific, and Carbo appeals.

In 1995 NRS leased telephone equipment from Cypress Financial Corporation. Carbo, who was at that time president and majority shareholder of NRS, personally guaranteed NRS's lease obligations. Shortly thereafter, Cypress Financial assigned its interest in the lease to Colonial Pacific, and Carbo subsequently sold his interest in NRS to Asset Management. Following a dispute between Colonial Pacific and Asset Management, Carbo, as guarantor, received a notice of acceleration and a demand for payment of $17,154.55 pursuant to the lease terms. After the amount went unpaid, an adverse credit report was filed against Carbo by Colonial Pacific's collection agency, and Carbo filed suit seeking to recover damages allegedly resulting from that reporting.

Colonial Pacific's challenge to the trial court's jurisdiction was based on the "Jurisdiction" clause in the lease, which provides in pertinent part as follows:

Lessee agrees to jurisdiction in the state of Lessor's principal place of business in any action, suit or proceeding arising

out of this Lease, and concedes that it, and each of them, transacted business in the said state by entering into this Lease. In the event of legal action to enforce this Lease, Lessee agrees that venue may be laid in county of Lessor's principal place of business.[1]

Carbo argues that this provision does nothing more than provide the lessee's consent to jurisdiction and venue in the state and county of the lessor's principal place of business in the event that legal proceedings arising out of the lease are instituted there. We agree. There is no language in the jurisdiction clause, or elsewhere in the lease, that mandates or requires that suit be brought in a particular forum. Although the lessee clearly consented to jurisdiction and venue in the state and county of the lessor's principal place of business in the event suit is instituted there, there is nothing in the jurisdiction clause to indicate that is the exclusive forum for such proceedings. The clause simply permits suit to be brought in a place where jurisdiction and venue might not otherwise be proper, but it does not dictate the forum.

Moreover, assuming arguendo that the provision is unclear as to the intent of the parties, applying well-established rules of contract construction, the provision must be construed against the lessor as the drafter of the agreement. OCGA § 13-2-2 (5); *Pacific Grove Holding v. Hardy*, 243 Ga. App. 161, 166 (2) (532 SE2d 710) (2000). If the lessor intended for its home state to be the only forum for actions arising out of the lease, that intention should have been clearly indicated.

We are unpersuaded by Colonial Pacific's argument that the effect of our holding is to require a specific statement of exclusivity, or that the effect of our holding is to adopt the permissive versus mandatory analysis used by some federal courts in construing forum selection and jurisdiction clauses. See *AmerMed Corp. v. Disetronic Holding AG*, 6 FSupp.2d 1371, 1373-1375 (N.D. Ga. 1998) (for description of federal analysis). When the parties clearly express their intent to designate a particular jurisdiction where all disputes must be brought, this Court has given effect to that intent, and nothing in this opinion should be read as leading to a contrary result. But it is also clear from our case law that Georgia courts have always recognized a distinction between forum selection clauses that dictate where suit must be brought, and those that provide only the parties'

---

[1] Since forum selection or consent to jurisdiction provisions involve procedural and not substantive rights, we apply Georgia law even if the agreement, such as the one at issue here, also contains a choice of law provision dictating that it be governed by the laws of another state. *Brinson v. Martin*, 220 Ga. App. 638 (1) (a) (469 SE2d 537) (1996).

consent to jurisdiction in the event that proceedings are instituted in a particular forum. Accord *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993) (appellant consented to jurisdiction when provision provided suit *may* be brought in New York in addition to any other proper forum); *Lightsey v. Nalley Equip. &c.*, 209 Ga. App. 73, 74 (1) (432 SE2d 673) (1993) (guarantor consented to jurisdiction in certain Georgia courts). Cf. *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670 (534 SE2d 136) (2000) (forum selection clause providing that actions arising out of agreement " '*shall* be instituted, prosecuted, and maintained' " in Montgomery County, New York, made bringing suit there mandatory) (emphasis supplied); *Antec Corp. v. Popcorn Channel*, 225 Ga. App. 1, 2 (482 SE2d 509) (1997) (agreement provided " 'dispute[s] . . . shall be subject to the exclusive jurisdiction of the New York . . . courts' "); *Brinson v. Martin*, 220 Ga. App. 638 (469 SE2d 537) (1996) (agreement provided for "exclusive venue" in Douglas County, Nebraska); *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585-586 (434 SE2d 778) (1993) (payment bond which provided "(n)o claim or action shall be commenced . . . by any claimant (o)ther than in a state [or federal] court of competent jurisdiction in and for the [county] . . . in which the [p]roject . . . is situated") (punctuation omitted).

In this case, the jurisdiction clause did not designate an exclusive forum for bringing suit. The trial court erred in concluding that it did not have personal jurisdiction over Colonial Pacific based on this provision.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 16, 2003.

*McGee & Oxford, James J. Brissette*, for appellant.

*Savell & Williams, William E. Turnipseed, Scott A. Wandstrat*, for appellee.