A03A2006. LEASE FINANCE GROUP v. DELPHI, INC.

(596 SE2d 691)

ADAMS, Judge.

Lease Finance Group appeals the denial of its motion to dismiss a civil action filed against it in Georgia.

On August 2, 1999, Julie George, an employee of Certified Merchants Services, Inc. ("CMS"), a Texas corporation, met with Evangelos Liapis, the president of Delphi, Inc., d/b/a The Greek Mediterranean Grill, in Camden County, Georgia, for the purpose of Delphi leasing credit card processing equipment for the restaurant. On that day, George presented, and Liapis signed, an equipment lease that showed Lease Finance Group ("LFG") as the lessor. LFG is an Illinois corporation headquartered in Chicago that does not maintain a registered office or any physical facility in Georgia. The partially executed lease was then forwarded to LFG in Illinois, where it was executed by LFG on August 16, 1999. The lease agreement contains an Illinois forum selection clause and a one-year contractual statute of limitation clause.

Although an LFG representative verified the lease agreement on the telephone with Liapis, and forwarded correspondence to Liapis in

Georgia, LFG did not send any employees to Georgia at any time to negotiate the lease with Delphi.

During the term of the lease a dispute arose between the parties, and on October 23, 2001, Delphi filed suit against LFG and CMS in the Superior Court of Camden County. LFG filed a motion to dismiss Delphi's complaint asserting lack of jurisdiction, improper venue, and failure to file suit within the contractual limitation period. The trial court denied the motion, and we granted LFG's application for interlocutory review.

Even assuming that the trial court had jurisdiction over LFG, we conclude that the forum selection clause was enforceable against Delphi.

LFG contends that the trial court lacked jurisdiction and that venue was improper because of the existence of a forum selection clause in the contract. The two-page lease agreement contains the following provision on page two:

> This lease shall be binding when accepted in writing by [LFG] and shall be governed by the laws of the State of Illinois, without regard to the conflict of law, rules or principles thereof. You [(Delphi)] agree and consent that the Court of the State of Illinois having jurisdiction in Cook County or any Federal District Court having jurisdiction in Cook County shall have the jurisdiction and shall be the proper venue for the determination of all controversies and disputes arising hereunder. . . . Nothing contained herein is intended to preclude [LFG] from commencing any action hereunder in any court having jurisdiction thereof.

Above where Delphi's representative signed the lease, it states: "I HAVE READ AND AGREED TO THE TERMS WHICH APPEAR ON BOTH SIDES OF THIS LEASE DOCUMENT." An identical forum selection clause can be found on page one of the agreement where Liapis gave his personal guarantee.

In Georgia, both personal jurisdiction and venue forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.[1] *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670, 671 (534 SE2d 136) (2000) (forum selection clause providing that

---

[1] "Since forum selection or consent to jurisdiction provisions involve procedural and not substantive rights, we apply Georgia law even if the agreement, such as the one at issue here, also contains a choice of law provision dictating that it be governed by the laws of another state. *Brinson v. Martin*, 220 Ga. App. 638 (1) (a) (469 SE2d 537) (1996)." *Carbo v. Colonial Pacific Leasing Corp.*, 264 Ga. App. 785, 786, n. 1 (592 SE2d 445) (2003).

actions arising out of agreement " 'shall be instituted, prosecuted, and maintained' " in Montgomery County, New York, made bringing suit there mandatory); *Antec Corp. v. Popcorn Channel*, 225 Ga. App. 1, 2 (1) (482 SE2d 509) (1997) (agreement provided "dispute[s] . . . shall be subject to the exclusive jurisdiction of the New York . . . courts"). Compare *Carbo v. Colonial Pacific Leasing Corp.*, 264 Ga. App. 785 (592 SE2d 445) (2003) (distinguishing clauses by which a party merely consents to jurisdiction and venue in another state). The burden of showing that the clause is unreasonable rests on Delphi. *Iero*, 243 Ga. App. at 671.

Relying on *Brinson v. Martin*, 220 Ga. App. 638 (469 SE2d 537) (1996), Delphi contends that the selection clause was unreasonable because there was a disparate bargaining position between the parties and because Delphi lacked knowledge of the clause because it was buried in the contract. Delphi does not allege fraud or overreaching.

But there is no evidence in the record regarding the relative bargaining power of the parties. Nor is there any evidence to show that Delphi could not have suggested a modification to the agreement.

Regarding the issue of lack of notice of the clause, this Court found in *Brinson* that the record did not support the argument that Brinson had no notice of such a clause contained in a six-page agreement. *Brinson v. Martin*, 220 Ga. App. at 639. Although the subject paragraph in *Brinson* was captioned "Venue and Construction" whereas in this case it is captioned "MISCELLANEOUS," the contract here is only two pages long. Thus, the placement of the clause does not appear to be any more concealed than the clause in *Brinson*. Furthermore, as stated in *Brinson*, "one who signs a contract is presumed to know its contents." (Citation and punctuation omitted.) Id. We conclude that Delphi is bound by the clause and therefore reverse the trial court's decision. We need not reach LFG's remaining argument regarding the contractual limitation period.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 9, 2004.

*David G. Crockett*, for appellant.
*Clyde M. Urquhart*, for appellee.