A04A0108, A04A0109. SR BUSINESS SERVICES, INC.
v. BRYANT; and vice versa.
(600 SE2d 610)

ANDREWS, Presiding Judge.

These cases are before us on appeal from the trial court's grant in part and denial in part of Kenneth Bryant's motion for partial summary judgment. In Case No. A04A0108, SR Business Services, Inc. (SRB) appeals, claiming the trial court erred in not enforcing the forum selection clause in the merger agreement in question, and also in finding that certain restrictive covenants in the agreement were unenforceable. In Case No. A04A0109, Bryant appeals the trial court's denial of his motion for summary judgment on the enforceability of the noninterference policy of the stock option agreement. Because we conclude that the trial court erred in not enforcing the forum selection provision of the merger agreement, we reverse in both cases.

This case arose when Smith & Radigan, professional accountants, merged with CBIZ, formerly known as International Alliance Services, Inc. After the merger, Smith & Radigan became SR Business Services, a wholly owned subsidiary of CBIZ.

Bryant, plaintiff below, was one of six partners in Smith & Radigan. When the companies merged in 1997, Bryant became a vice-president in the new company. In 2001, Bryant resigned and, according to SRB, openly solicited clients and employees to leave SRB, in violation of various restrictive covenants entered into at the time of the merger.

Bryant filed a complaint for declaratory judgment, temporary restraining order, and interlocutory and permanent injunction against SRB in Fulton County Superior Court. SRB moved to dismiss, citing the forum selection clause in the merger agreement. The trial court, with no explanation, denied the motion.

The forum selection clause in the merger agreement provided as follows:

10.7 *Governing Law.* This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio, without regard to principles of conflicts of laws. IASI and the Shareholders hereby irrevocably submit to the jurisdiction of the courts of the State of Ohio, with venue in Cuyahoga County, over any dispute arising out of this Agreement and agree that all claims in respect of such dispute or proceeding shall be heard and determined in such court. IASI and the Shareholders hereby irrevocably waive, to the fullest extent permitted by applicable law, any objection which they

may have to the venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute.

In *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1 (92 SC 1907, 32 LE2d 513) (1972), the United States Supreme Court ruled that forum selection clauses are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670 (534 SE2d 136) (2000). "In *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, [209 Ga. App. 585 (434 SE2d 778) (1993),] Georgia adopted the United States Supreme Court's analysis regarding the enforcement of forum selection clauses." (Footnotes omitted.) Id. at 671.

"To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court. A freely negotiated agreement should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power." (Punctuation and footnotes omitted.) *Iero*, supra. Thus, Bryant bears the burden of proving that enforcement of the forum selection clause would be unreasonable under the circumstances. Id.

Bryant does not argue that the Ohio forum would be so inconvenient that he would be deprived of his day in court. He does claim, however, that there was evidence of a disparity in his bargaining power with CBIZ during the merger. Bryant states that he was one of six partners in the corporation, with only a 14 percent share of the business. He states that most of the negotiating for the merger was done by two of the partners who owned the majority of the stock.

In *Iero*, supra, which is controlling in this case, the issue was "whether a forum selection clause in an employment contract may be enforced when the contract also contains noncompetition and nondisclosure covenants that violate Georgia's public policy." Id. at 670. This Court held that it could. In *Iero*, the restrictive covenants were part of an employment agreement and Iero was an employee, not a part owner of the business.

Likewise, in *Brinson v. Martin*, 220 Ga. App. 638 (469 SE2d 537) (1996), Brinson was an employee who signed an employment contract with a forum selection clause. This Court upheld the trial court's enforcement of the clause, holding that although Brinson asserted that it was the result of disparate bargaining power between the parties, there was no evidence of this in the record.

Here, there is nothing in Bryant's affidavit addressing the relative bargaining positions of CBIZ and Bryant. Moreover, unlike Iero and Brinson, Bryant was not an employee but was a part owner of the

company and became a vice-president in the newly formed company after the merger. Further, there is nothing in the record showing that Bryant's signature on the agreement was the result of fraud or overreaching, or that Bryant did not retain the option of refusing to sign the contract containing the clause. *Brinson*, supra at 640. See also *Lease Finance Group v. Delphi, Inc.*, 266 Ga. App. 173 (596 SE2d 691) (2004).

Bryant also argues that SRB waived any objection as to venue because it did not raise the issue in its answer. First, as SRB points out, this argument was not raised in the trial court. See *Federal Ins. Co. v. Westside Supply Co.*, 264 Ga. App. 240 (590 SE2d 224) (2003). Second, we note that the question here is not whether venue is proper in Fulton County, but rather whether a forum selection clause in a contract should be enforced.

Bryant next argues that the Executive Employment Agreement itself did not contain a forum selection clause and should not be construed together with the Merger Agreement. We disagree.

In *Drumheller v. Drumheller Bag & Supply*, 204 Ga. App. 623, 627 (1) (420 SE2d 331) (1992), this Court held that the employment contracts at issue "were a large part of the mutual consideration of the stock sale agreement and were thus part of the same transaction." Likewise, in this case, acquisition of a firm of certified public accountants, the continued employment of the Smith & Radigan partners was an important part of the agreement to merge the businesses. Id. See also *Lyle v. Memar*, 259 Ga. 209, 210 (378 SE2d 465) (1989) ("if a contract for the sale of a business and an employment contract are part of the same transaction they may be construed together").

Further, "[i]n cases of contemporaneous agreements *between the same parties with relation to the same subject matter*, each writing may be used to ascertain the true intention of parties and may authorize a determination that, when construed together, they constitute, as a whole, but one contract." (Citation and punctuation omitted.) *Moran v. NAV Svcs.*, 189 Ga. App. 825, 826 (1) (377 SE2d 909) (1989). Here, the record shows that the employment agreement is styled as "Exhibit D to Agreement and Plan of Merger." Article 10.13 of the merger agreement provides: "This Agreement, together with the schedules and *exhibits*, contains the entire understanding of the parties in respect of the subject matter contained herein. . . ." Both agreements were signed on the same day. Accordingly, construing the merger and employment agreements together, we hold that the forum selection clause in the merger agreement is equally applicable to suits brought under the employment agreement.

Therefore, for all the reasons stated above, we hold that the trial court erred in denying SRB's motion to enforce the forum selection clause and dismiss the case. In light of this, we need not address

SRB's remaining enumerations of error. Further, in light of our holding in Case No. A04A0108, we need not address Bryant's cross-appeal and the judgment is also reversed in Case No. A04A0109.

*Judgments reversed. Miller and Ellington, JJ., concur.*

DECIDED MAY 10, 2004 —
RECONSIDERATIONS DENIED MAY 26, 2004 — ▮▮▮▮▮▮▮▮

*Nelson, Mullins, Riley & Scarborough, Kenneth L. Millwood, Thomas F. Wamsley, Jr., Anita W. Thomas*, for appellant.

*Brock, Clay, Calhoun, Wilson & Rogers, Charles M. Dalziel, Jr., Tyler C. Dunn*, for appellee.