A04A1933. CARTER'S ROYAL DISPOS-ALL et al.
v. CATERPILLAR FINANCIAL SERVICES, INC.
(609 SE2d 116)

RUFFIN, Presiding Judge.

Caterpillar Financial Services, Inc. ("CAT Financial") obtained a judgment against John L. Carter and Carter's Royal Dispos-All (collectively "Carter") in a Tennessee Chancery Court. CAT Financial then moved to have the judgment enforced in Georgia, and the trial court granted the motion. Carter subsequently filed a "Motion to Set Aside the Orders of this Court Enforcing the Tennessee Judgment and Motion to Deny Enforcement of [the] Tennessee Judgment." The trial court denied the motion, and we granted Carter's application for discretionary appeal. For reasons that follow, we affirm.

The relevant facts demonstrate that Carter purchased an industrial wood grinder from Pioneer Machinery in Toccoa. According to Carter, Jack Davidson, an agent for Pioneer, made a sales call to Carter Dispos-All to sell a Biogrind wood grinder. During a test run, the machine malfunctioned. Davidson told Carter that he would send a mechanic to repair the grinder and that Pioneer would "stand behind" the equipment.

Notwithstanding the malfunction, Carter agreed to purchase the wood grinder. Davidson brought the installment sales contract and guarantee agreement to Carter's place of business, put the documents on a car, and told Carter where to sign. In his affidavit, Carter averred that he "did not have an appointment with Davidson, [and he] did not have time to read the documents." Carter further stated that the writing on the contract was small and difficult to read and that he was unaware that the contract had additional terms on the back. Nonetheless, Carter signed both documents. The installment contract provided, in pertinent part, that the seller had a security interest in the grinder. It also contained a forum selection clause, which provided that the purchaser "hereby consents to the jurisdiction of any state or federal court located within the State of Tennessee."

Carter contends that, after he purchased the grinder, it repeatedly broke down. Although Pioneer representatives attempted to repair the grinder, they were unable to find a permanent solution.

Accordingly, after making several payments, Carter refused to make additional payments unless the machine was repaired to his satisfaction.

Pioneer was sold to Caterpillar, and the installment contract was assigned to CAT Financial. When Carter failed to pay, CAT Financial obtained a default judgment against him in Tennessee and moved to have the judgment enforced in Georgia. Specifically, CAT Financial sought a writ of possession for the Biogrind. After the Georgia court granted CAT Financial's motion, Carter moved to have the order set aside, arguing that, under Tennessee law, the forum selection clause is invalid because the forum is inconvenient, the contract is one of adhesion, and the clause is unconscionable. Alternatively, Carter argued that under Georgia law, the default judgment should not be enforced because of the overweening bargaining power exercised by CAT Financial and because the contract was one of adhesion. The trial court denied Carter's motion, and this appeal ensued.

1. In its order, the trial court concluded that Georgia law governs the validity of the forum selection clause. Nonetheless, in his brief Carter analyzes the validity of the clause under Tennessee law and thus implicitly argues that the trial court erred in applying Georgia law. However, "[s]ince forum selection or consent to jurisdiction provisions involve procedural and not substantive rights, we apply Georgia law even if the agreement . . . also contains a choice of law provision dictating that it be governed by the laws of another state."[1] It follows that the trial court did not err in applying Georgia law.

2. Carter also contends that the forum selection clause is invalid under Georgia law. Both the United States Supreme Court and our courts have held that forum selection clauses are prima facie valid and are to be enforced unless the opposing party can show that enforcement would be unreasonable under the circumstances.[2] "To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court."[3] Moreover, this Court will enforce a freely negotiated agreement absent a compelling reason, such as overweening bargaining power.[4]

Here, we see no evidence of overweening bargaining power. Indeed, there is little evidence setting forth what transpired during

---

[1] See *Carbo v. Colonial Pacific Leasing Corp.*, 264 Ga. App. 785, 786, n. 1 (592 SE2d 445) (2003).

[2] See *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1, 10 (92 SC 1907, 32 LE2d 513) (1972); *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670, 671 (534 SE2d 136) (2000); *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585, 590-591 (3) (b) (434 SE2d 778) (1993).

[3] *Iero*, supra.

[4] See id.

the *bargaining* process. What is clear, however, is that Carter signed a contract without reading it and thus did not appreciate the significance of the forum selection clause. As a general rule,

> [w]here one who can read signs a contract without reading it, he is bound by its terms, unless he can show that an emergency existed at the time of signing that would excuse his failure to read it, or that the opposite party misled him by an artifice or device which prevented him from reading it, or that a fiduciary or confidential relationship existed between the parties upon which he relied in not reading the contract.[5]

Although the print in the contract is small, it is nonetheless legible. Moreover, the front page of the installment sales contract specifies in bold, capitalized print: **"SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS WHICH ARE PART OF THIS CONTRACT . . . NOTICE TO PURCHASER: (1) DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT."** There is no evidence that Davidson misled Carter as to the terms of the agreement. And, as a general rule, lack of time does not constitute the type of emergency that justifies failure to read a binding contract.

According to Carter, the contract is unconscionable and should not be enforced. In support of this argument, Carter cites *Freeman v. Hubco Leasing*,[6] in which the Supreme Court held that a lease agreement that permitted the "squeezing" of a consumer by two companies owned by the same stockholders was unconscionable. However, *Freeman* is inapposite as it involves the merits of a contract dispute, not the validity of a forum selection clause. And the merits of any complaint Carter may have had against CAT Financial are irrelevant to the initial inquiry — whether the forum selection clause is enforceable.

Finally, Carter asserts that the enforcement of the forum selection clause is unreasonable under the circumstances given the unequal bargaining power of the parties and the inconvenience to Carter of litigating in Tennessee. Again, however, Carter did not read the contract before signing it and was unaware of the existence of the forum selection clause. Furthermore, Carter has not shown that litigating this case in Tennessee would be so inconvenient that it would, in essence, deprive him of his day in court.[7] Given the prima

---

[5] *Bumgarner v. Green*, 227 Ga. App. 156, 160 (1) (489 SE2d 43) (1997).

[6] 253 Ga. 698, 704 (3) (324 SE2d 462) (1985).

[7] See *Iero*, supra.

facie validity of such forum selection clause[8] and the general rule that persons who sign a contract without reading it are bound by its terms,[9] the trial court did not err in denying Carter's motion.[10]

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Miller, Ellington and Adams, JJ., concur. Eldridge, J., concurs in the judgment only.*

DECIDED DECEMBER 28, 2004.

*Alton M. Adams*, for appellants.

*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson, Bret T. Thrasher, Timothy D. Aaron*, for appellee.

---

[8] See id.

[9] See *Bumgarner*, supra.

[10] See *Iero*, supra; *SR Business Svcs. v. Bryant*, 267 Ga. App. 591, 592-593 (600 SE2d 610) (2004).

