**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 17, 2019**

# In the Court of Appeals of Georgia

A19A1485. ALR OGLETHORPE, LLC et al. v. FIDELITY NATIONAL TITLE INSURANCE CO.

MERCIER, Judge.

ALR Oglethorpe, LLC, Jules Paderewski, Barnard Portman, Charles Idleson, Cora Bett Thomas and Allison Stanley, all as assignees of Coleman Talley, LLP (collectively "Assignees"), filed a complaint in the State Court of Chatham County against Fidelity National Title Insurance Company and others (collectively "Fidelity") seeking contribution and indemnity for Fidelity's alleged negligence in performing a property title search.[1] Fidelity filed a motion to transfer venue to the Superior Court of Cobb County, arguing that a forum selection clause in the settlement agreement between Coleman Talley and Fidelity in a related third-party action required the

---

[1] The other defendants were Frank Peeples, Sr., Frank Peeples, Jr., Elizabeth Peeples, and Woodchips Export Corp.

lawsuit to be filed in the Superior Court of Cobb County. Fidelity also filed a motion for summary judgment on the Assignees' claims. The Chatham County court granted Fidelity's motion to transfer venue and transferred the case to the Superior Court of Cobb County. The Cobb County court subsequently granted Fidelity's motion for summary judgment. The Assignees appeal, challenging the grant of both motions.[2] For the reasons that follow, we reverse the order granting the motion to transfer venue, vacate the order granting summary judgment, and direct that the case be transferred to Chatham County.

1. The Assignees contend that the trial court erred by granting Fidelity's motion to transfer the case to Cobb County, when the settlement agreement *authorized* the filing of the lawsuit in Cobb County but did not *require* it.[3] We agree.

---

[2] The notice of appeal states that the appeal is from the grant of summary judgment, but the Assignees' appellate brief also enumerates as error the grant of the motion to transfer venue. The Assignees were not required to reference both orders in the notice of appeal for both orders to be reviewable on appeal. See *Mateen v. Dicus*, 281 Ga. 455, 456-457 (637 SE2d 377) (2006).

[3] The Assignees were not required to immediately appeal the Chatham County court's order transferring the case. See *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533 (333 SE2d 647) (1985) (order transferring case for improper venue is not a final judgment as the case is still pending below; thus, case is subject to interlocutory appeal procedures). See generally Georgia Uniform Superior Court Rule 19.1; *Hartry v. Ron Johnson Jr. Enterprises*, 347 Ga. App. 55, 57-58 (1) (a) (i) (815 SE2d 611) (2018) ("[A]fter transfer, the action thereafter shall continue in the transferee court

This Court reviews de novo issues of law decided by the trial court. *Bearoff v. Craton*, 350 Ga. App. 826, 827 (830 SE2d 362) (2019). "The construction of a contract is a matter of law for the court under OCGA § 13-2-1, particularly where . . . the terms are unambiguous." *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (2) (407 SE2d 64) (1991). Further, "the trial court's application of the law to the undisputed facts is subject to de novo review." *Burchfield v. West Metro Glass Co.*, 340 Ga. App. 324 (797 SE2d 225) (2017) (citation and punctuation omitted); see also *Tetra Tech Tesoro, Inc. v. JAAAT Tech. Svcs.*, 338 Ga. App. 77 (789 SE2d 310) (2016) (a ruling on a motion to dismiss based on a forum selection clause is reviewed de novo) (physical precedent only).

At issue is the following provision from the settlement agreement Coleman Talley (the alleged assignor in this case) and Fidelity executed in connection with a third-party complaint Coleman Talley had filed against Fidelity:

> In the event either [Coleman Talley] or Fidelity does not desire to arbitrate the contribution and/or indemnity issues, a lawsuit *can* be filed by [Coleman Talley] against Fidelity in the Superior Court of Cobb County.

as though initially commenced there[;] [a]nd the transferee court has the power to review, vacate, or reissue any interlocutory or other order theretofore entered in the action.") (citations and punctuation omitted).

3

(Emphasis supplied.)

The Assignees argue that this provision is unambiguous - that the word "can" authorizes a filing in Cobb County but does not prohibit filing elsewhere. We agree.

> There is no language in the jurisdiction clause . . . that mandates or requires that suit be brought in a particular forum. Although the [parties] clearly consented to jurisdiction and venue in [Cobb County] . . . in the event suit is instituted there, there is nothing in the jurisdiction clause to indicate that is the exclusive forum for such proceedings. The clause simply permits suit to be brought in a place where jurisdiction and venue might not otherwise be proper, but it does not dictate the forum.

*Carbo v. Colonial Pacific Leasing Corp*., 264 Ga. App. 785, 786 (592 SE2d 445) (2003); see *Murray v. The Ed. Resources Institute*, 272 Ga. App. 171 (612 SE2d 23) (2005) (where contract clause provided: "I consent to the jurisdiction of Massachusetts courts and to the placement of venue in Boston, Massachusetts," such constituted consent to said jurisdiction and did not mandate that suit be brought there). We point out that

> [w]hen the parties clearly express their intent to designate a particular jurisdiction where all disputes must be brought, this Court has given effect to that intent, and nothing in this opinion should be read as leading to a contrary result. But it is also clear from our case law that Georgia courts have always recognized a distinction between forum

4

selection clauses that dictate where suit must be brought, and those that provide only the parties' consent to jurisdiction in the event that proceedings are instituted in a particular forum.

*Carbo*, supra at 786-787. Here, "the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation[.]" *City of Decatur v. DeKalb County*, 289 Ga. 612, 614 (713 SE2d 846) (2011) (citation omitted). The clause provides that suit *can* be filed in Cobb County, not that it *must* be filed there. It does not designate an exclusive forum for bringing suit. See *Carbo*, supra. The Chatham County court thus erred in concluding that venue in Chatham was improper based on that provision. Id. Accordingly, the grant of the motion to transfer venue is reversed.

"A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void." *Chung v. Hair Trend USA*, 322 Ga. App. 429, 432 (745 SE2d 681) (2013) (citation omitted); see *Coastal Transport v. Tillery*, 270 Ga. App. 135, 140 (3) (605 SE2d 865) (2004). Inasmuch as the case should not have been transferred, the transferee court - the Superior Court of Cobb County - was without authority to rule on Fidelity's motion for summary judgment. See generally *Georgia Dept. of Human Svcs. v. Dougherty County,* 330 Ga. App. 581, 583 (2) (768

5

SE2d 771) (2015). Therefore, the order granting the motion for summary judgment is vacated. See *Georgia Dept. of Human Svcs*., supra.

The case is hereby remanded with direction that it be transferred to the State Court of Chatham County for further proceedings. See id.

2. Based on the foregoing, we do not reach the Assignees' remaining claims of error.

*Judgment reversed in part, vacated in part and case remanded. Barnes, P. J., and Brown, J., concur*.