**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 19, 2023**

# In the Court of Appeals of Georgia

A23A0674. LUTZ et al. v. GREENSKY, LLC et al.

A23A1112. LUTZ et al. v. GREENSKY, LLC et al.

MCFADDEN, Presiding Judge.

Andrew Lutz and Travis Cohen appeal from two trial court orders granting interlocutory injunctions requested by GreenSky, LLC, GreenSky Management Company, LLC, and GreenSky Administrative Services, LLC (collectively, "GreenSky"). We hold that the trial court was not the proper venue to enter injunctions against Lutz and Cohen. So we reverse.

1. *Factual and procedural background.*

Lutz and Cohen worked at GreenSky, which has its principal place of business in Atlanta, Georgia. In July 2022, they resigned from their positions at GreenSky in order to take jobs at Upgrade, Inc. On August 8, 2022, GreenSky filed a complaint

in Fulton County Superior Court against Lutz and Cohen, seeking injunctive relief for alleged breach of non-competition and other restrictive agreements, which included a venue selection clause providing that disputes would be adjudicated in "the State courts sitting in Atlanta, Fulton County, Georgia or the Federal Courts sitting in the Northern District of Georgia." With the complaint, GreenSky also filed a motion for a temporary restraining order to bar Lutz and Cohen from performing various activities at Upgrade. Four days later, before the defendants had filed an answer, the trial court granted the motion and entered a temporary restraining order to remain in effect for 30 days. On September 6, 2022, with the consent of the parties, the court extended the temporary restraining order until September 27, the date of a scheduled hearing on GreenSky's request for a preliminary injunction.

Lutz and Cohen subsequently filed their answer to the complaint and asserted the defense of improper venue, alleging that neither of them resides in Fulton County and that the venue selection clause in the agreements is unenforceable. Thereafter, at the September 27 hearing on GreenSky's motion for a preliminary injunction, Lutz and Cohen again raised their improper venue defense. After the judge indicated that she was planning to rule in favor of GreenSky, but that her decision would have "to be reduced to writing before it becomes official," the judge allowed Lutz and Cohen

2

to perfect the record on their improper venue defense. They noted that they had brought the venue issue to the court's attention during an earlier sidebar, reiterated that neither of them resides in Fulton County and that the venue selection clause is unenforceable, and cited applicable case law supporting their venue defense. The court did not expressly rule on venue, but several days after the hearing, on October 4, 2022, the court entered its order granting GreenSky's request for a preliminary injunction and restraining Lutz and Cohen from certain activities until December 31, 2022. Two days later, Lutz and Cohen filed a motion to dissolve the preliminary injunction, and to dismiss and transfer the case based on their improper venue defense.

In November 2022, Lutz and Cohen appealed from the preliminary injunction, which was docketed in this court as Case No. A23A0674. On January 6, 2023, the trial court held a hearing at which it considered Lutz and Cohen's motion to dissolve, dismiss, and transfer based on improper venue and a pending motion by GreenSky to extend the preliminary injunction. Three days later, on January 9, 2023, the court entered an order denying the defense motion to dissolve, dismiss, and transfer and entered a separate order granting GreenSky's motion to extend the preliminary

injunction until July 31, 2023 for some purposes and until July 31, 2024 for other purposes.

Lutz and Cohen were subsequently granted leave by the trial court to amend their answer to assert a counterclaim for wrongful restraint based on both the preliminary injunction and the later order purportedly extending the preliminary injunction. Lutz and Cohen then appealed from that January 9, 2023 injunctive order, which was docketed here as Case No. A23A1112. Because both appeals arise from the same underlying litigation and raise related issues, we consider them together in this opinion.

2. *Mootness.*

We first address GreenSky's contention that the appeal in Case No. A23A0674 should be dismissed as moot because the October 4, 2022 preliminary injunction expired by its own terms after December 31, 2022. It is true that the expiration of "the injunction mooted the question of its enforceability against [Lutz and Cohen]." *Cox v. Altus Healthcare & Hospice*, 308 Ga. App. 28, 30 (1) (706 SE2d 660) (2011).

> However, this [c]ourt will not dismiss an appeal as moot if the appellant, in case of a reversal, could claim or enforce the rights insisted upon. Specifically, a party who is wrongfully restrained has the right to recover actual damages resulting from that wrongful restraint. This is so even when the appellate court finds that the question of the injunction's

4

enforceability has become moot. Here, the trial court granted [Lutz and Cohen] leave to amend [their] answer to include a [counter]claim for wrongful restraint, which remains pending below [and is based, in part, on the expired preliminary injunction]. Accordingly, we must decide whether the [expired injunction] actually enforced against [Lutz and Cohen] was illegal. If it was, then [their] wrongful restraint claim [based thereon may be] meritorious, and [they] may [be entitled to] recover [damages] suffered during the period of the [expired] injunction's enforcement[.]

Id. (citations and punctuation omitted). See also *Coleman v. Retina Consultants*, 286 Ga. 317, 323 (3) n. 5 (687 SE2d 457) (2009) (trial court vacating an injunction did "not answer the question whether the trial court erred by entering the injunction in the first place"). Accordingly, we reject GreenSky's argument that the appeal in Case No. A23A0674 should be dismissed as moot. Compare *Ladder Now v. Hancock Roofing & Construction*, 337 Ga. App. 399 (787 SE2d 775) (2016) (appeal dismissed where transfer order from Georgia Supreme Court held that interlocutory injunction had expired and challenge to it was moot).

3. *Jurisdiction in Case No. A23A1112.*

"[I]t is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. [For reasons discussed below, w]e conclude that we have jurisdiction." *Hunt v. Callahan*, 353 Ga. App. 488 (2) (838 SE2d 133) (2020) (citation and punctuation omitted).

5

The issue here is whether Lutz and Cohen were authorized to directly appeal from the trial court's January 9, 2023 order purportedly extending the preliminary injunction of October 4, 2022. An order granting an interlocutory injunction is directly appealable under OCGA § 5-6-34 (a) (4), but an order modifying an existing interlocutory injunction is not directly appealable and instead must be brought pursuant to the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). *Jones v. Peach Trader*, 302 Ga. 504, 511-516 (III) (807 SE2d 840) (2017).

To determine whether the January 9, 2023 order granted new injunctive relief or merely modified an existing injunction, the order must be "construed according to [its] substance and function and not merely by [its] nomenclature." *Glass v. Faircloth*, 363 Ga. App. 232, 235 (1) (871 SE2d 69) (2022) (citation and punctuation omitted). Although the nomenclature of the January 9, 2023 order purported to extend the October 4, 2022 preliminary injunction, that preliminary injunction was not in existence at that time. Rather, as discussed above, the preliminary injunction expired by its own terms immediately after December 31, 2022. See generally *Higginbotham v. Knight*, 312 Ga. App. 525, 526 n. 1 (719 SE2d 1) (2011) (injunction expired by its own terms). So the substance and function of the January 9, 2023 order was not to extend an injunction that was no longer in effect, but was to grant an entirely new

6

"interlocutory injunction which [was] directly appealable pursuant to OCGA § 5-6-34 (a) (4)." Glass, supra at 236 (1). See also *Yakob v. Kidist Mariam Ethiopian Orthodox Tewahedo Church*, 359 Ga. App. 13, 19 (1) (a) (856 SE2d 722) (2021) (subsequent order did not merely modify prior interlocutory injunctions, but constituted a new injunction that was subject to a direct appeal).

4. *Venue.*

In both Case No. A23A0674 and Case No. A23A1112, Lutz and Cohen assert that venue was not proper in Fulton County for the issuance of injunctive relief because neither of them live there, with Lutz residing in DeKalb County and Cohen residing in Cobb County, and because the venue selection clause was not enforceable. We agree.

(a) *Waiver.*

GreenSky first argues that Lutz and Cohen waived the defense of improper venue. But the record reveals no such waiver.

> Under Georgia law, it is well settled that personal jurisdiction and venue are generally defenses that may be waived if not raised at the proper time. It is required under the Civil Practice Act that a venue defense be asserted in the responsive pleading to a claim for relief if one is required or by motion in writing. OCGA § 9-11-12 (b). Want of venue, however, may be waived expressly by failing to raise it in an answer or by written motion, or impliedly by failing to elicit a ruling

7

from the trial court on the question of venue prior to the entry of judgment or the commencement of trial. A defense based on improper venue must be brought to the attention of the trial court at the earliest opportunity to plead. That is because a litigant who has been served in a case and has knowledge of all the facts may not sit idly by while a trial verdict is entered against him and then set the whole procedure aside on a venue defense which should have been raised prior thereto.

*ROW Equip. v. Norfolk Southern R. Co.*, 355 Ga. App. 397, 399 (3) (844 SE2d 264) (2020) (citations and punctuation omitted).

Here, Lutz and Cohen raised their improper venue defense by first asserting it in their answer to the complaint and then by bringing it to the trial court's attention at the preliminary injunction hearing. Although the trial court did not expressly rule on their venue defense at that time, the court implicitly rejected it and determined that venue was proper by issuing the preliminary injunction against Lutz and Cohen several days later. See *Bonner v. Smith*, 226 Ga. App. 3, 4 (1) (485 SE2d 214) (1997) (court's ruling amounted to "an implicit finding that venue existed"). And as noted above, the trial court expressly ruled on their venue defense when it later denied their motion to dissolve, dismiss, and transfer the case based on that defense.

This is not a case in which the defendants sat idly by and failed to raise a venue defense until after final judgment had been entered against them. Compare *Agri-Cycle LLC v. Couch*, 284 Ga. 90, 91-92 (1) (663 SE2d 175) (2008) (venue waived where

8

it "was first asserted as a defense seven days *after* the court issued its final ruling on the interlocutory injunction") (emphasis in original). Rather, because Lutz and Cohen asserted the defense in their first responsive pleading to the complaint and then raised it again at the preliminary injunction hearing, they did not "waive[] the defense of improper venue[.]" *ROW Equip.*, supra at 400 (3).

(b) *Injunctive relief.*

"[I]njunctions are the quintessential form of equitable relief[.]" *Durham v. Durham*, 291 Ga. 231, 233 (2) (728 SE2d 627) (2012). The Georgia constitution mandates that such "[e]quity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Ga. Const. of 1983, Art. VI, Sec. II, Par. III. See *First Nat. Bank v. Rowley*, 224 Ga. 440 (162 SE2d 294) (1968) (this provision is mandatory and cannot be altered by legislative enactment). Likewise, OCGA § 9-10-30 provides that "[a]ll actions seeking equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed[.]" See *Scott v. Prime Sales & Leasing*, 276 Ga. App. 283, 286 (1) (623 SE2d 167) (2005) (Georgia "constitutional provision establishing venue in equity matters . . . is amplified in OCGA § 9-10-30"). Since GreenSky's action sought and obtained equitable relief in the form of injunctions against Lutz and Cohen, "proper

9

venue is not [Fulton County], but the county where a defendant resides." *Henderson v. Fisher*, 363 Ga. App. 747, 752 (872 SE2d 524) (2022).

And contrary to GreenSky's arguments, the forum selection clause upon which it relied to bring suit in Fulton County is not enforceable. As we have explained,

> in cases where no Georgia law specifically governs venue, and where more than one state and its citizens are involved, forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. In this case, however, both [the plaintiffs and the defendants are] Georgia [citizens] and all acts giving rise to the action were alleged to have occurred in Georgia. . . . [T]his is an intrastate conflict and there is an applicable Georgia statute, OCGA § [9-10-30, as well as a mandatory Georgia constitutional provision], which govern[] venue. In such a case, . . . a contractual provision limiting venue is unenforceable against public policy.

*Huddle House v. Paragon Foods*, 263 Ga. App. 382, 383-384 (1) (587 SE2d 845) (2003) (citations, punctuation, and footnotes omitted).

GreenSky claims that *Huddle House* is not controlling because later cases conflict with it and support enforcement of the forum selection clause in this case. But unlike *Huddle House*, the cases cited by GreenSky did not involve an intrastate conflict and applicable Georgia statutory law governing venue; rather, they involved interstate disputes and forum selection clauses providing for venue in other states. See *Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795, 797-799 (1) (b) (692 SE2d

10

61) (2010) (enforcing forum selection clause establishing venue in Florida court); *Lease Finance Group v. Delphi, Inc.*, 266 Ga. App. 173 (596 SE2d 691) (2004) (interstate dispute involving forum selection clause providing for venue in Illinois courts). Moreover, those cases did not establish a new rule or policy in Georgia, but in fact applied the same analysis recited in *Huddle House* — that forum selection clauses in such cases are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. See *Houseboat Store*, supra at 797 (1) (b); *Lease Finance Group*, supra at 174; *Huddle House*, supra at 383 (1).

We first applied that analysis in *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585, 589-590 (3) (b) (434 SE2d 778) (1993), which involved an interstate dispute and a clause establishing venue in Virginia, when we adopted it from the Supreme Court's decision in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (92 SCt 1907, 32 LE2d 513) (1972), which involved an international dispute and a forum selection clause for venue in a London court. See *Antec Corp. v. Popcorn Channel*, 225 Ga. App. 1, 2 (1) (482 SE2d 509) (1997) (Supreme Court's analysis in *The Bremen* was adopted by this court in *Harry S. Peterson Co.*). And as we have previously noted, *The Bremen* decision itself indicated that "[a] contractual

11

choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Tetra Tech Tesoro, Inc. v. JAAAT Technical Svcs.*, 338 Ga. App. 77, 81 (1) (a) n. 5 (789 SE2d 310) (2016) (punctuation omitted).

So contrary to GreenSky's claims, the later cases it has cited are not in conflict with the decision in *Huddle House* but simply apply the same analysis under materially different circumstances. Furthermore, we note that even if there was such a conflict in our case law, the decision in *Huddle House* would still control since it has not been reversed or overruled.

> The older decisions of the Court of Appeals are binding on panels of that court until reversed or overruled by the Supreme Court or overruled by the Court of Appeals, and the Court of Appeals must adhere to the authority of those cases which it thinks state the correct principle of law. Anything to the contrary which may have been ruled by panels of the Court of Appeals in more recent decisions must yield to the older authorities from that court.

*White v. State*, 305 Ga. 111, 121 (3) (823 SE2d 794) (2019) (citation and punctuation omitted). Accordingly, as venue was not proper in Fulton County, the trial court erred in issuing the injunctions against Lutz and Cohen. See *First American Title Ins. Co.*

12

*v. Broadstreet*, 260 Ga. App. 705, 707 (1) (580 SE2d 676) (2003) ("A court without venue lacks authority to issue an injunction.").

5. *Other enumerations.*

Given our holdings above, we need not address Lutz and Cohen's additional enumerations of error.

*Judgment reversed in Case No. A23A0674 and in Case No. A23A1112. Brown and Markle, JJ., concur*.