## 7327.  HILTON *v.* TAYLOR.

BROYLES, J.  1.  Where a contractor brings suit against the owner of a building, on a building contract, for the balance alleged to be due him, and the contract declared upon, and attached to the petition as an exhibit, contains an express stipulation that payments are to be made by the owner to the contractor in installments only when the work has been approved by the architect, and that no money shall be paid to the contractor except upon orders from the architect, the petition, in the absence of any allegation that the work of the contractor has been so approved by the architect, or that any order has been given by the architect for the payment to the contractor of the balance alleged to be due, or that this stipulation in the contract has been waived by the owner, does not state a cause of action; and is subject to be dismissed on general demurrer.  *Elmore* v. *Thaggard,* 130 *Ga.* 701 (3), 704 (61 S. E. 726).

(a)  In the case at bar, while no architect is expressly named in the contract attached to the petition as "Exhibit A," the contract itself provides that all work shall be done "in a strictly workmanlike manner and in accordance with the plans and specifications for the building, which are hereto attached and made a part of this contract as fully and effectually as if set out in full in the body hereof."  Attached to the contract are the plans and specifications, marked "Exhibit B" to the petition, the heading of which is as follows:  "Specifications of labor and materials for a frame bungalow to be built for Corson Hilton, Sylvania, Ga., according to plans and these specifications as prepared by E. A. Gleason, architect and builder, Augusta, Ga."  Construing the contract as a whole, including the specifications just referred to, it appears that an architect is named therein.  Under the foregoing ruling, the petition, to have made out a cause of action, should have alleged that the work had been approved by the architect and that an order had been obtained from him for the payment of the balance due the contractor, or that this provision in the contract had been waived by the owner of the building.

2. The court erred in overruling the demurrer to the petition, and all subsequent proceedings upon the trial were ·nugatory.

*Judgment reversed.*

DECIDED OCTOBER 4, 1916.

Foreclosure of lien; from city court of Sylvania—Judge Evans. February 14, 1916.

*White & Lovett,* for plaintiff in error.

*E. K. Overstreet,* contra.