19854.  HENDERSON *et al. v.* COCHRAN *et al.*

Submitted September 12, 1957—Decided November 8, 1957.

*James A. Bagwell,* for plaintiffs in error.

*W. E. Slade,* contra.

MOBLEY, Justice. Under the allegations of the petition, the plaintiff seeks relief against the defendants by virtue of the express contract sued upon, and if under the terms of that contract he is not entitled to a judgment against the defendants, then he is not entitled to any of the other relief for which he prays. As to payment under the contract, it is provided therein as follows: "Article IV. The owner shall make payments on account of the contract as provided herein, as follows: (1) On completion of phase one (1) the sum of $1,700 based on the contract price of labor and materials incorporated in the work. (2) On completion of phase two (2) the sum of $1,700 based on the contract price of labor and materials incorporated in the work. (3) Upon completion of the entire work a sum of $2,583.33 so as to increase the total payments to payment in full of the contract price. Article V. Final payment shall be due after substantial completion of the work provided the work be then fully completed and the contract fully performed. Upon notice that the work is ready for final inspection and when the owner finds the work acceptable under the contract and the contract fully performed then final payment shall be due and payable. Before final payment the contractor shall furnish an affidavit that all payrolls, labor bills, material bills, subcontractor bills and any and all other indebtedness connected with the work have been paid. . . The contractor shall furnish the owner satisfactory affidavits that all material and labor bills have been paid to date before each payment is made by the owner, and before final payment is made, he shall furnish the owner with receipts for all material and labor or waivers of mechanics liens, signed by all laborers and all materialmen who have furnished labor or materials for the construction of the house."

The petition alleges that the payments for phases 1 and 2, totaling $3,400, have been made, and it appears that the final

payment under the original contract is being withheld plus an amount alleged to be due for some changes and alterations alleged to have been authorized by the defendants Henderson and his wife and included in the contract price. The petition also alleges that the plaintiff has complied with all of the provisions of the contract; but as to this it is alleged that there is an outstanding indebtedness of $2,861.71 for materials and plumbing used in constructing the house, which has been filed as a lien against the premises. Thus, the petition shows on its face that not only has the plaintiff not complied with the terms of the contract under which he was obligated to provide satisfactory affidavits and receipts showing that all bills for materials and labor have been paid before final payment, but furthermore that there is a large outstanding indebtedness, for bills of materialmen and plumbing, which has been filed as a lien against the premises involved.

It is clear that the terms of the contract quoted above require, as a condition precedent to final payment thereunder, that the contractor furnish evidence that all bills for labor and material have been paid or that liens have been waived. This provision of the contract is reasonable, and in view of the fact that under our law laborers and materialmen may file, as they have here filed, liens directly against the property improved, such a provision is one which ordinary prudence might naturally require. Franklin *v.* Schultz, 23 Mont. 165 (57 Pac. 1037). In Witherell *v.* Lasky, 145 N. Y. S. 2d 624 (286 App. Div. 533), where the contract for the construction of a house provided that, "Before final payment, the contractor shall submit evidence satisfactory to the owner that all payrolls, material bills and other indebtedness connected with the work have been paid," it was sought to recover the final payment when there were outstanding bills for labor and materials. The court stated: "We agree with the trial court that the contract provision quoted above is an express condition precedent. It would, in fact, be difficult to find a much clearer expression of the effect of the requirement that performance thereof by the respondent was a prerequisite to final payment. . . It is unnecessary to dwell at length on the possible dire effect upon the purchaser's finances if he paid the contractor without insisting that the potential lienors are

satisfied. The protection afforded mechanics and materialmen by the Lien Law makes necessary the commensurate protection to the purchaser provided by the contract." For other cases holding that a provision in a contract such as that here involved constitutes a condition precedent which must be satisfied before final payment is due under the contract, see Simmons *v.* Ocean Causeway, 47 N. Y. S. 360 (7) (21 App. Div. 30); Buttrick Lumber Co. *v.* Collins, 202 Mass. 413 (89 N. E. 138 (7)); Franklin *v.* Shultz, supra; Leverone *v.* Arancio, 179 Mass. 439 (61 N. E. 45); Campbell Building Co. *v.* State Road Commission, 95 Utah 242 (42) (70 Pac. 2d 857); 17 C. J. S. 1056, § 502.

The allegations of the petition show that the plaintiff has not complied with the terms of the contract so as to be entitled to recover thereunder for the final payment. The petition shows on its face that the plaintiff under the contract is not entitled to a judgment against the defendants. This being true, the plaintiff would not be entitled to the equitable relief for which he prays, since the equitable relief is dependent on his being entitled to a judgment on the contract. The plaintiff relies on the contract and seeks to recover a judgment on its express terms, and only asks the aid of equity in the enforcement or collection of such judgment.

The petition fails to allege a cause of action for the relief sought, and the trial court erred in overruling the general demurrers thereto.

*Judgment reversed. All the Justices concur.*