## 41213. SCOTT v. WILLIAMS.

RUSSELL, Judge. ■ On a suit by a contractor to foreclose a materialman's lien against the owner of real estate under the provisions of *Code Ann.* § 67-2002, the petition is not subject to demurrer because the contractor fails to allege that he has paid for all labor and materials used in the construction of the house which he erected under contract with the owner. "The materialman derives his lien from the statute, and in its enforcement he is not required to allege anything more than that his claim comes within the provisions of the statute, and that he has complied with its terms in asserting his lien. . . It was not essential that the plaintiff should negative the defenses which the statute permits to be interposed by the owner of the premises improved." *Arnold v. Farmers Exchange,* 123 Ga. 731, 733 (51 SE 754).

■ One of the defenses available to the owner is that he has paid the contract price and that it has been applied to work done and materials furnished for the project. *Code Ann.* § 67-2002 (3). As between the owner and the prime contractor, of course, all payments under the contract are credited to the owner, and payment of a judgment obtained by a materialman or subcontractor who has first recovered in an action against the prime contractor and then foreclosed his lien against the premises is the equivalent of payment to the contractor in determining whether the owner has paid the contract price. *Code Ann.* § 67-2001 (2) provides that "in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made." As stated in *Rowell v. Harris,* 121 Ga. 239, 240 (48 SE 948): "The money as it becomes due is charged with a lien as against the contractor, in favor of the subcontractor, materialmen, and laborers. On the other hand the land is charged with a lien as against the owner, for the purpose of securing the payment of the contract price, and creating the fund out of which the subcontractors and laborers may be paid. In this view the statute operates as a sort of automatic garnishment which without summons

or service impounds the fund due by the owner, *and requires it to be held up until the expiration of the time named in the statute.* But if nothing becomes due to the contractor, there is nothing caught. There is no fund out of which those employed by him are to be paid. For in all these cases it must be understood that the contractor's employees are to be paid out of the contractor's money. The landowner is not under any primary obligation or contract to pay them. When they are paid, under the operation of the lien law the payments are treated as credits on the amount due the contractor." (Emphasis added). See also *Central of Ga. R. Co. v. Shiver,* 125 Ga. 218, 221 (53 SE 610). Where, however, one of such liens has been reduced to judgment, but the judgment has not been paid, then, applying the law as stated in *Rowell v. Harris,* supra, the judgment is to be paid out of the fund due by the owner to the contractor and acts as a sort of automatic garnishment against any unpaid portion of the contract price. *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652, 653 (56 SE2d 841) quoted Cutler-Hammer v. Wayne, 101 F2d 823 (a case involving a Georgia materialman's lien) as follows: "The purpose of the lien statutes in every state is, in substance the same; this is, to give the furnisher of labor and material a claim upon the owner, to compel him at his peril to *withhold final payment* until he has received assurance from the contractor that he has paid all material and labor claims, which are or which may be perfected into liens."

A property owner may not defend against the lien of a laborer or materialman by showing that there are existing claims or liens of others in like circumstances, but he may force all such materialmen to interplead, placing himself in the position of a stakeholder to the fund. *Tuck v. Moss Mfg. Co.,* 127 Ga. 729, 733 (56 SE 1001). And he is liable to a materialman who has properly prosecuted his lien in an amount up to the contract price. *Holmes v. Venable,* 27 Ga. App. 431, 434 (109 SE 175). Since these liabilities are equally credits to the owner against the contractor whose primary obligation it is to see that the laborers and materialmen employed by him are paid, the owner is entitled to withhold final payment so long as there are claims of subcontractors outstanding. The contractor cannot recover a judgment against the owner in the face of undisputed evidence that he has not paid a material-

man who has foreclosed a lien on the owner's premises in an amount greater than that remaining due by the owner to the contractor.

It might be argued that, although the contractor cannot collect on his judgment in face of the prior right of the foreclosing lienor, nevertheless the judgment should not be disturbed because it fixes the amount due by the owner to the contractor, and thus establishes the total sum available to materialmen. The contract itself, however, is what establishes this sum, and under the decision in *McCrary v. Barberi*, 100 Ga. App. 167 (110 SE2d 426), the mere fact that the owner may have a defense of failure of consideration against the contractor as to the full contract price will not affect the rights of materialmen who have performed their own contracts in a proper manner.

It might also be argued that this case differs from *Henderson v. Cochran*, 213 Ga. 642 (100 SE2d 910) because the contract there made payment of the contractor's debts a condition precedent to payment by the owner to the contractor, whereas here the contract merely provides that the sum is "to be paid during construction." In *Henderson* (p. 645) it was observed: "It is unnecessary to dwell at length on the possible dire effect upon the purchaser's finances if he paid the contractor without insisting that the potential lienors are satisfied." We take the provision in the contract here not to be a waiver of the defendant's right to insist that potential lienors be paid at least concurrently with payments under the contract, even though the latter be made "during construction."

The plaintiff was not entitled to judgment against the defendant under these circumstances and the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

SUBMITTED MARCH 1, 1965—DECIDED MAY 24, 1965.

*Sheats, Parker & Webb, Herbert B. Zachary*, for plaintiff in error.

*Walter E. Baker, Jr.*, contra.