23657.  I. PERLIS & SONS v. PEACOCK CONSTRUCTION
COMPANY et al.

Argued September 12, 1966—Decided November 10, 1966—
Rehearing denied November 23, 1966.

724

*Thad W. Gibson, Perry, Walters, Langstaff & Lippitt,* for appellant.

*Maxwell A. Hines, C. James Jessee, Jr., Shoob, McLain & Jessee, Benjamin Zeesman, Aaron L. Buchsbaum, Seymour S. Owens,* for appellees.

QUILLIAN, Justice. 1. The first ground of demurrer was: "To the petition as a whole and to each and every count therein

on the ground that none of the counts of the petition set out a cause of action against these defendants." The main thrust of appellant's contention is that, construed most strongly against the plaintiff, Peacock, the allegations of the petition do not show that Peacock has complied with the terms of the contract so as to support an action against Perlis. It is argued that the contract provides as a condition precedent that the architect issue a certificate of completion before the entire balance is due and payable; that the petition failed to allege the architect's certificate has been obtained, which averment is essential to an action by the contractor for a breach of contract. It is also contended that the contract requires that the contractor submit evidence that all payrolls, material bills, and other indebtedness connected with the work have been paid or satisfied and that the petition affirmatively reveals the contractor has not fully paid his subcontractors.

To meet this deficiency the contractor included in his brief portions of a supplementary agreement and another agreement, consented to by both sides to be considered by this court, which it is contended had the effect of waiving the requirement for the architect's certificate and the payment of indebtedness. We do not pass upon the reviewability of stipulations as to the record made by counsel, under the Appellate Practice Act of 1965, for here it is admitted that the stipulated agreements were not part of the petition before the trial court on demurrer. "If upon the hearing of a demurrer to a petition the plaintiff make profert of a writing which is not the foundation of the suit and not set forth in the petition or exhibits thereto, it does not thereby become a part of the petition so as to be considered on demurrer, notwithstanding the order of the judge recites that it was agreed by counsel that the court might consider the same on demurrer." *Rembert v. Ellis,* 193 Ga. 60 (17 SE2d 165, 137 ALR 479); *Holcombe v. Jones,* 197 Ga. 825, 830 (30 SE2d 903). On general demurrer we consider only the "face" of the petition. *Dowdy v. Dowdy,* 187 Ga. 26, 28 (199 SE 191).

The contract between Perlis and Peacock, attached as an exhibit to the petition, provided: "Final payment shall be due 15 days after substantial completion of the work provided the

work be then fully completed and the contract fully performed. Upon receipt of written notice that the work is ready for final inspection and acceptance, the architect shall promptly make such inspection, and when he finds the work acceptable under the contract and the contract fully performed he shall promptly issue a final certificate, over his own signature, stating that the work provided for in this contract has been completed and is accepted by him under the terms and conditions thereof, and that the entire balance found to be due the contractor, and noted in said final certificate, is due and payable. Before issuance of final payment the contractor shall submit evidence satisfactory to the architect that all payrolls, material bills, and other indebtedness connected with the work have been paid or otherwise satisfied."

The Court of Appeals has held that, where the certificate of an engineer or architect is required before final payment be made, such condition precedent must be alleged in order to support a recovery of the balance of the contract price. *Southern Mfg. Co. v. Moss Mfg. Co.,* 13 Ga. App. 847 (81 SE 263) ; *Hilton v. Taylor,* 18 Ga. App. 647 (90 SE 223) ; *Finn v. Carden,* 100 Ga. App. 270, 274 (110 SE2d 693). Under a contract provision similar to the one in the instant case, this court required that the petition specifically allege that all payrolls, bills and other indebtedness have been paid to entitle the contractor to recover the final payment. *Henderson v. Cochran,* 213 Ga. 642 (100 SE2d 910). With these principles in mind, we now consider the allegations of the various counts.

2. Count 1 alleges: "That at all times your petitioner has fully and duly performed all of the work under the terms and conditions of said Stipulated Sum Contract on its part and has delivered the buildings and other appurtenances to the owner in a duly completed condition. . ." Under the rules pronounced in the cases above cited this is not sufficient, for the plaintiff must affirmatively allege compliance with conditions precedent or sufficient legal excuse for the lack of such performance. See *Sellers v. City of Summerville,* 208 Ga. 361 (67 SE2d 137) ; *Griswold v. Scott,* 13 Ga. 210.

Count 1 was subject to general demurrer.

3. Count 2 seeks to recover damages resulting from the interference, delay and dilatory practices of Perlis. However, averments as to compliance with the conditions of the contract on the part of Peacock are totally absent. Therefore, Count 2 is also subject to general demurrer.

4. It is unquestioned that the third count sets forth a cause for recovery on quantum meruit and the trial judge did not err in overruling the demurrer as to that count.

5. Counts 4 through 15, in essence, are dependent and predicated on Count 1. Each of them affirmatively reveals that Peacock, as contractor, has not paid the named subcontractors. Hence, the demurrer to those counts should have been sustained. See *Henderson v. Cochran*, 213 Ga. 642, supra.

In view of the rulings herein made, we need not consider grounds 2 and 3 of the demurrers.

*Judgment affirmed in part; reversed in part. All the Justices concur.*