A04A2266. MURRAY v. THE EDUCATION RESOURCES INSTITUTE, INC.
(612 SE2d 23)

ADAMS, Judge.

Fred Murray, pro se, appeals the trial court's decision granting summary judgment in favor of The Education Resources Institute, Inc. ("TERI") in this suit on a note. On appeal he contends that the note contained a mandatory forum selection clause requiring that suit be brought in Massachusetts.

The record shows that on or about May 11, 1993, Murray entered into a Nellie Mae, Inc. Supplemental Loan Program and Promissory Note in the principal amount of $15,000. Murray is a resident of DeKalb County. Murray admits that he has failed to pay the full amount of the note. Paragraph 13 of the note provides:

> The provisions of this Note will be governed by the laws of The Commonwealth of Massachusetts. To the extent permitted by law, I consent to the jurisdiction of Massachusetts courts and to the placement of venue in Boston, Massachusetts in any action commenced to enforce the rights of the Lender or of TERI under this Note.

Murray's sole contention on appeal is that the second sentence of this provision of the note requires that any suit to enforce the note be filed in Massachusetts. We disagree and affirm the decision of the trial court.

Contract provisions and statutes governing the place of bringing a suit do not affect the parties' substantive rights,

but rather are a matter of procedure. [Cit.] Thus, although under its own terms, the [note] dictates that it is to be construed according to [Massachusetts] law, because questions of venue are procedural, the rule of lex fori demands a different result. . . . Accordingly, we conclude that Georgia law governs the issue of venue in this case. [Cit.]

*Brinson v. Martin*, 220 Ga. App. 638, 638-639 (469 SE2d 537) (1996).

"In Georgia, both personal jurisdiction and venue forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Lease Finance Group v. Delphi, Inc.*, 266 Ga. App. 173, 174 (596 SE2d 691) (2004). Nevertheless, "Georgia courts have always recognized a distinction between forum selection clauses that dictate where suit must be brought, and those that provide only the parties' consent to jurisdiction in the event that proceedings are instituted in a particular forum. [Cits.]" *Carbo v. Colonial Pacific Leasing Corp.*, 264 Ga. App. 785, 786 (592 SE2d 445) (2003).

In this case, the relevant provision does not mandate or require that suit be brought in Massachusetts. Rather, it merely provides that Murray has consented to the jurisdiction of the courts of that Commonwealth. "The clause simply permits suit to be brought in a place where jurisdiction and venue might not otherwise be proper, but it does not dictate the forum." Id. at 786. Because we find no merit to Murray's sole enumeration of error, we affirm the decision of the trial court.

Murray's motion for sanctions on appeal is denied.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 24, 2005 —
RECONSIDERATION DENIED MARCH 14, 2005.

Fred Murray, *pro se.*

*Delvin & Robinson, Jacob S. Eby, James W. Martin, Thomas V. Keough*, for appellee.