A09A1815. THE HOUSEBOAT STORE, LLC v. CHRIS-CRAFT CORPORATION.
(692 SE2d 61)

MILLER, Chief Judge.

The Houseboat Store, LLC ("Houseboat") filed this action against Chris-Craft Corporation ("Chris-Craft") to recover damages under the marine manufacturers statute (OCGA § 10-1-675 et seq.) following Chris-Craft's termination of a dealer agreement ("dealer agreement") for the distribution of marine vessels and products. Houseboat appeals from the trial court's order denying its motion for default judgment and granting Chris-Craft's motion to dismiss, contending that the trial court erred in (i) dismissing its complaint for insufficient service of process and based on forum selection, choice of law and mediation provisions in an unauthenticated copy of the dealer agreement; and (ii) denying its motion for default judgment based on insufficient service of process, a defense not raised by Chris-Craft. Finding that the trial court properly considered the agreement, and that dismissal was authorized based on the forum selection and mediation provisions, we affirm.

We review a trial court's ruling on a motion to dismiss de novo. See *Cedartown North Partnership v. Ga. Dept. of Transp.*, 296 Ga. App. 54 (673 SE2d 562) (2009).

Houseboat's complaint alleged that in 2007, Houseboat entered into a dealer agreement with Chris-Craft to serve as a dealer for the distribution of Chris-Craft's marine vessels and products and to maintain an inventory of Chris-Craft's products and repair parts. Houseboat further alleged that Chris-Craft terminated the agreement and unilaterally elected not to renew it, and that, at the time of termination, Houseboat was not in breach of the agreement. According to Houseboat, after it submitted a final inventory of marine products and parts to Chris-Craft, Chris-Craft failed to repurchase all of the inventory Houseboat previously purchased from Chris-Craft in the sum of $1,987,565, as required by OCGA § 10-1-677 (b). Houseboat then filed suit to recover damages pursuant to OCGA § 10-1-677 (e).

On January 11, 2009, process server APS International Ltd. attempted service of the summons and complaint on Chris-Craft by delivering them to Robert Van Handel, HR, who was listed on the affidavit of service as an "officer or managing agent" of Chris-Craft.

On February 11, 2009, Chris-Craft filed a motion to dismiss and special appearance and asserted the defenses of improper venue and failure to meet the condition precedent of mediation. Thereafter, on March 9, 2009, Houseboat filed a certification for default judgment for the liquidated sum of $1,987,565, and attorney fees and litigation expenses to be determined at a hearing. The trial court declined to enter a default judgment against Chris-Craft, finding that Houseboat "attempted to have [Chris-Craft] served by special process server, without prior Court approval, on January 13, 2009[ ]" and that the evidence did not show that the person who accepted service for Chris-Craft was "an authorized agent for service of the corporation." In the same order, the trial court dismissed Houseboat's complaint based ón a forum selection clause in the agreement requiring that any litigation on the subject contract be brought in Manatee County, Florida, Circuit Court; a Florida choice of law clause; and the absence of an "allegation that the mediation condition precedent has been met."

1. Houseboat argues that the trial court erred in dismissing its complaint based on the forum selection, choice of law, and mediation provisions in the dealer agreement because (i) the dealer agreement was not authenticated and was therefore inadmissible, and (ii) the foregoing provisions were unreasonable and violated public policy. Houseboat also contends that dismissal was improper based on insufficient service of process. The trial court did not dismiss the complaint for insufficient service of process, and as such, Houseboat has not demonstrated any error in this regard. For the reasons set forth below, we conclude that dismissal was warranted based on the forum selection and mediation provisions of the dealer agreement.

(a) *Admissibility of the agreement.* While Houseboat did not attach a copy of the dealer agreement to its complaint,[1] Chris-Craft attached a copy of the dealer agreement to its motion to dismiss. We have held that "[t]he content and appearance of a document are two circumstances [considered when our courts analyze] whether there is sufficient circumstantial evidence of authentication." (Footnote omitted.) *Nyankojo v. North Star Capital Acquisition*, 298 Ga. App. 6, 8 (679 SE2d 57) (2009). Here, the agreement is a pre-printed form between Chris-Craft and Houseboat, as the dealer, which specifically details each party's responsibilities, the duration of the agreement, and bears Houseboat's address, the parties' signatures, and the date

---

[1] To the extent Houseboat argues that the trial court should not have considered the dealer agreement because it was not asserting a breach of contract claim, but rather seeking to avail itself of statutory remedies under OCGA § 10-1-677, Houseboat must necessarily prove the existence of the agreement and that Chris-Craft breached its terms without any default by Houseboat. OCGA § 10-1-677 (a) (1), (2).

of execution. Based on the foregoing, "the trial court was authorized to find sufficient circumstantial evidence of authentication." Id. (invoice and revolving charge agreement which contained very specific information concerning goods purchased as well as the names, addresses and signatures of the buyer and seller constituted sufficient circumstantial evidence of authentication).

To the extent that Houseboat argues that the trial court's consideration of the dealer agreement converted Chris-Craft's motion to dismiss for improper venue to a motion for summary judgment, we disagree. The law is well settled that under OCGA § 9-11-12 (b), "only motions under OCGA § 9-11-12 (b) (6), failure to state a claim upon which relief can be granted, are converted to a motion for summary judgment when matters outside the pleadings are considered." *Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 677) (1994).

(b) *Forum selection and choice of law provisions.* The forum selection clause of the dealer agreement provides that "[a]ny legal action under this Agreement shall be brought only in the Manatee County, Florida, Circuit Court and the parties each hereby irrevocably submit to their jurisdiction and waive any objection to jurisdiction or venue in those Florida courts." The agreement also states that it "will be governed by and interpreted and constructed in accordance with the laws of the state of Florida, excluding principles of conflicts of law."

This Court has adopted the United States Supreme Court's ruling in *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1 (92 SC 1907, 32 LE2d 513) (1972), that "forum selection clauses are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." (Citations omitted.) *SR Business Svcs. v. Bryant*, 267 Ga. App. 591, 592 (600 SE2d 610) (2004).

> To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court. A freely negotiated agreement should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power.

(Punctuation and footnotes omitted.) Id., citing *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670 (534 SE2d 136) (2000). Further, because forum selection clauses involve procedural and not substantive rights, we apply Georgia law to determine their enforceability notwithstanding a choice of law provision requiring that the laws of another state shall govern. See *Lease Finance Group v.*

*Delphi, Inc.*, 266 Ga. App. 173, 174, n. 1 (596 SE2d 691) (2004). Here, since the forum selection clause mandates that litigation shall be brought in Florida, rather than simply indicating the parties' consent to jurisdiction in Florida, we uphold the enforcement of this clause which the parties have freely negotiated. See *Iero*, supra, 243 Ga. App. at 671-672 (forum selection clause providing that actions stemming from an agreement " 'shall be instituted, prosecuted, and maintained' " in Montgomery County, New York, made bringing suit there mandatory). Compare *Murray v. The Ed. Resources Institute*, 272 Ga. App. 171 (612 SE2d 23) (2005) (forum selection clause in student loan promissory note merely provided that plaintiff had consented to the jurisdiction of courts in Massachusetts).

Houseboat contends that there was a disparate bargaining position between the parties because certain provisions in the dealer agreement were weighted in Chris-Craft's favor, such as Houseboat's responsibility to "maintain a significant amount of Chris-Craft's inventory and to maintain a service department adequately equipped to provide prompt and convenient service to owners of Chris-Craft products" and Chris-Craft's lack of a duty to repurchase the inventory from Houseboat. We are not persuaded because Houseboat has failed to produce any evidence concerning the relative bargaining power of the parties or that it was prevented from determining Florida's laws or modifying the terms of the dealer agreement prior to executing the agreement. See *Carter's Royal Dipos-All v. Caterpillar Financial Svcs.*, 271 Ga. App. 159, 161 (609 SE2d 116) (1996) (overweening bargaining power was not shown where there was "little evidence setting forth what transpired during the *bargaining* process") (emphasis in original); *Lease Finance*, supra, 266 Ga. App. at 175 (evidence in the record failed to show that defendant "could not have suggested a modification to the agreement"). As such, we find no basis to conclude that enforcement of the forum selection clause is unreasonable or violative of public policy. *SR Business Svcs.*, supra, 267 Ga. App. at 592 (plaintiff "bears the burden of proving that enforcement of the forum selection clause would be unreasonable under the circumstances") (citation omitted). Houseboat has not shown that litigating the case in Florida would so inconvenience it as to deprive it of its day in court, nor has it demonstrated that litigating the case in Florida would harm this forum. *Iero*, supra, 243 Ga. App. at 671 (to contravene public policy, forum selection clause must "be damaging to the forum itself, not simply damaging to the litigants because of an unfavorable law in the selected forum") (footnote omitted). Based on the foregoing and absent any evidence of fraud, we conclude that Houseboat knowingly signed the agreement and is thereby bound by the forum selection clause. See *OFC Capital v. Colonial Distrib.*, 285 Ga. App. 815,

818-819 (648 SE2d 140) (2007) (waivers of personal jurisdiction are expressly permitted in Georgia and do not contravene public policy). See also *Brinson v. Martin*, 220 Ga. App. 638, 639 (1) (469 SE2d 537) (1996) ("one who signs a contract is presumed to know its contents . . .") (citation and punctuation omitted). Thus, we find no error in the trial court's dismissal of Houseboat's complaint based on the forum selection provision.

(c) *Mediation condition precedent.* The mediation provision in the dealer agreement provides:

> In the event any dispute between the parties cannot be resolved through a discussion between a representative of Dealer and the President of Chris-Craft, the parties agree that, prior to filing any legal action; they shall submit the matter to nonbinding mediation to be conducted in Sarasota, Florida by a single mediator nominated by Chris-Craft and reasonably acceptable to Dealer. The mediation may be initiated by written notice from either party to the other and shall be concluded not more than thirty (30) day[s] from the date of the notice. Upon the thirty-first day after such notice, either party may, if so desire[d] commence a legal action as provided below. . . .

It is undisputed that the mediation provision is a condition precedent to either party's right to file a lawsuit arising out of disputes between them. Given that Houseboat failed to allege in its complaint that it had complied with the mediation provision prior to filing the instant lawsuit, the trial court's dismissal on this ground was proper. See *Sagon Motorhomes v. Southtrust Bank of Ga.*, 225 Ga. App. 348, 350 (2) (484 SE2d 21) (1997) ("When a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of (that) condition . . . or allege a sufficient legal excuse for its nonperformance.") (citation and punctuation omitted); *I Perlis & Sons v. Peacock Constr. Co.*, 222 Ga. 723, 726 (2) (152 SE2d 390) (1966). Further, absent any evidence of fraud, Houseboat agreed to be bound by the mediation provision upon signing the agreement. As such, the trial court was also authorized to dismiss Houseboat's complaint based on the mediation provision.

2. Given our holding in Division 1, we need not reach Houseboat's remaining argument regarding the denial of its motion for default judgment. See *Majeed v. Randall*, 279 Ga. App. 679, 681 (2) (632 SE2d 413) (2006) (grant of defendant's motion to dismiss terminated the action and obviated the need for a timely answer to the complaint).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 11, 2010.

*Steven M. Jampol*, for appellant.
*Webb, Klase & Lemond, G. Franklin Lemond, Jr.*, for appellee.