**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 12, 2015**

# In the Court of Appeals of Georgia

A15A0996. CEMEX CONSTRUCTION MATERIALS FLORIDA,  BO-050
 LLC v. LRA NAPLES, LLC f/k/a GINN-LA NAPLES LTD.,
 LLLP.

BOGGS, Judge.

Cemex Construction Materials Florida, LLC, ("Cemex") appeals from the trial court's order denying its motion to dismiss grounded upon a forum selection clause in a contract between Cemex,[1] LRA Naples, LLC f/k/a Ginn-LA Naples Ltd, LLLP ("Ginn"), and two other entities not involved in this case. The parties refer to this contract as the "Four-Party Agreement." Cemex contends the trial court should have enforced the forum selection clause in the Four-Party Agreement, or alternatively, dismissed the case under the doctrine of forum non conveniens. Because we agree

---

[1] It is undisputed that Cemex is the successor in interest to Rinker Materials of Florida, LLC., the entity which originally entered into the Four-Party Agreement. For ease of reference, Rinker will be identified as Cemex in this opinion.

that the forum selection clause in the Four-Party Agreement applies to the action before us, we reverse.

"We review a trial court's ruling on a motion to dismiss de novo. [Cit.]" *The Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795 (692 SE2d 61) (2010). The record shows that the Four-Party Agreement contains the following provision: "Venue for any action concerning this Agreement shall be in Lee County, Florida." Ginn's complaint against Cemex alleges the existence of the Four-Party Agreement, along with three other pre-existing agreements modified by the Four-Party Agreement, and a copy of all four contracts is attached to the complaint. Ginn also alleges that "[t]he Four-Party Agreement made the Lease Termination Payment come due on December 31, 2015." Finally, the complaint alleges that Ginn did not receive sufficient credit against the "Lease Termination Payment" due to various breaches of the pre-existing contracts by Cemex and asks the court to declare that it is relieved from its obligation to make the "Lease Termination Payment." It is undisputed that the three pre-existing agreements alleged in the complaint do not contain a forum selection clause.

Based upon the forum selection clause in the Four-Party Agreement, Cemex moved to dismiss Ginn's complaint. It also asked, in the alternative, that the trial

2

court dismiss the complaint based upon the doctrine of forum non conveniens. The trial court denied the motion to dismiss because

> the Four-Party Agreement purports to modify only certain provisions of the prior three contracts. Further it was entered into almost two and a half years after the original agreement, and it adds two other entities. Finally, it contains its own standard, boilerplate provisions governing that contract. Therefore, it should be read as a separate, independent agreement from the prior three agreements, to which the forum selection clause does not apply. (Footnote omitted.)

1. Georgia has adopted the United States Supreme Court's conclusion "that forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Park Avenue Bank v. Steamboat City Dev. Co.*, 317 Ga. App. 289, 294 (1) (728 SE2d 925) (2012), overruled on other grounds, *Wang v. Lie*, 292 Ga. 568, 571 (1) (740 SE2d 136) (2013). We are not asked to address in this case whether the forum selection clause was unreasonable, but instead whether it applies to the particular complaint before us.

The language in the forum selection clause is broad - - it applies to "any action concerning" the Four-Party Agreement. "[U]nless [a] contract indicates otherwise, 'we generally accept that contractual terms carry their ordinary meanings.' [Cit.]"

3

*Lafarge Bldg. Materials v. Thompson*, 295 Ga. 637, 640 ) (2) (763 SE2d 444) (2014).

The word "concerning is defined as "[i]n reference to; regarding." American Heritage

Dictionary (2d ed. 1982). Here, the complaint alleges the existence of the Four-Party

Agreement, a copy of this agreement is attached to the complaint, and Ginn seeks

relief from a payment due date contained within the Four-Party Agreement. We

therefore conclude that the complaint is "any action concerning" the Four-Party

Agreement.

Ginn's argument that the forum selection clause does not apply because the

Four-Party Agreement was intended to be separate, non-integrated agreement does

not require a different result. The resolution of this case turns on whether the action

concerned the Four-Party Agreement, which it clearly does, and not whether the Four-

Party Agreement was intended to be integrated with the pre-existing contracts. And

nothing in our opinion in *SR Bus. Svcs. v. Bryant*, 267 Ga. App. 591 (600 SE2d 610)

(2004), mandates that contracts must be contemporaneous and construed as one

contract in order for a forum selection clause in one contract to apply to an action

concerning multiple, interrelated contracts. In *Bryant*, we addressed a different factual

scenario (whether a forum selection clause in a merger agreement applied to an

employment agreement attached as an exhibit to the merger agreement) and

4

concluded that the trial court erred by denying a motion to dismiss based upon the forum selection clause in the merger agreement.

Based upon our conclusion that the complaint concerns the Four-Party Agreement, we reverse the trial court's order denying Cemex's motion to dismiss. See *Brinson v. Martin*, 220 Ga. App. 638, 640-641 (2) (469 SE2d 638) (1996); *Laibe Corp. v. General Pump & Well*, 317 Ga. App. 827, 829-831 (1) (733 SE2d 332) (physical precedent only).

2. Cemex's remaining enumeration of error regarding forum non conveniens is rendered moot by our holding in Division 1.

*Judgment reversed. Doyle, C. J. and Phipps, P. J., concur*.

5